# ORIGINAL

DEPARTMENT OF THE CORPORATION COUNSEL     205
BRIAN T. MOTO     5421
Corporation Counsel
LAUREEN L. MARTIN     5927
Deputy Corporation Counsel
County of Maui
200 S. High Street
Wailuku, Hawaii 96793
Phone:     (808) 270-7740
Fax No.:   (808) 270-7152
E-mail:  laureen.martin@co.maui.hi.us
S:\ALL\Llm\Civil\Gregory\final pretrial statement.wpd

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

DEC 2 7 2005

at ___11___ o'clock and _46_ min. _Q_ M⅞
SUE BEITIA, CLERK

KENNETH S. ROBBINS     1000
Robbins & Associates
Davies Pacific Center
841 Bishop Street, Suite 2200
Honolulu, Hawaii 96813
Phone:  (808) 524-2355
Fax No.: (808) 526-0290
E-mail: defend@robbinsandassociates.net

Attorneys for Defendants COUNTY OF MAUI and
MAUI POLICE DEPARTMENT, GARRET TIHADA,
EDWIN K. AMONG AND NICHOLAS ANGELL

## IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| VALERIE GREGORY, individually and as Special Administrator of the Estate of RICHARD J. GREGORY, Deceased, and as next friend of ISREAL GREGORY, a minor, KEANU GREGORY, a minor, KALANI GREGORY, a minor, and SHAYLISSE GREGORY, a minor,<br><br>    Plaintiffs,<br><br>  vs.<br><br>COUNTY OF MAUI, MAUI POLICE DEPARTMENT, GARRET TIHADA, EDWIN K. AMONG, NICHOLAS ANGELL, JOHN DOE OFFICERS 1-10, JOHN DOES 1-10, JANE DOES 1-10, DOE CORPORATIONS 1-10, DOE PARTNERSHIPS 1-10, and DOE GOVERNMENTAL ENTITIES 1-10,<br><br>    Defendants. | CIVIL NO. 04-00516 SPK KSC<br>(Other Non-motor vehicle tort)<br><br>DEFENDANTS COUNTY OF MAUI, MAUI POLICE DEPARTMENT, GARRET TIHADA, EDWIN K. AMONG AND NICHOLAS ANGELL'S FINAL PRE-TRIAL STATEMENT; CERTIFICATE OF SERVICE |

**DEFENDANTS COUNTY OF MAUI, MAUI POLICE DEPARTMENT,
GARRET TIHADA, EDWIN K. AMONG AND
NICHOLAS ANGELL'S FINAL PRE-TRIAL STATEMENT**

Defendants County of Maui, Maui Police Department, Garret Tihada, Edwin K. Among, and Nicholas Angell ("COUNTY DEFENDANTS") by and through their attorneys, Brian T. Moto, Corporation Counsel, Laureen L. Martin, Deputy Corporation Counsel, and Kenneth Robbins, special counsel, pursuant to the Scheduling Order filed on November 22, 2004, and Rule 16.6 of the Local Rules of the United States District Court for the District of Hawaii hereby submit this Final Pre-Trial Statement.

**A.    PARTIES**

This pre-trial statement is submitted on behalf of the following parties:

1.    Defendants County of Maui, Maui Police Department,

2.    Garret Tihada,

3.    Edwin K. Among and

4.    Nicholas Angell.

**B.    JURISDICTION AND VENUE**

Plaintiffs have alleged various violations of federal law. All parties reside within the State of Hawaii. Defendants do not dispute jurisdiction or venue.

**C.    SUBSTANCE OF ACTION**

On December 2, 2002, Richard Gregory, a fifty-one year old man, called Ross Fox, an acquaintance of his, and agreed to meet at a private recording studio rented by two of Ross Fox's friends, Jason

2

Fuqua and Vincent Finazzo.  Mr. Fuqua and Mr. Finazzo had never met Mr. Gregory prior to December 2, 2002.

When he arrived at the studio, Mr. Gregory picked up a guitar owned by Jason Fuqua.  Although Mr. Gregory was a musician, he was apparently unfamiliar with the seven-string guitar owned by Mr. Fuqua.  Despite his unfamiliarity with seven-string guitars, Mr. Gregory immediately began trying to "tune" the guitar.  Although Jason Fuqua objected to Mr. Gregory's actions, Mr. Gregory continued to "tune" the guitar.  Mr. Gregory became agitated and frustrated by his inability to tune the guitar.

Ross Fox, Jason Fuqua, and Vincent Finazzo repeatedly attempted to have Mr. Gregory leave the premises.  However, Mr. Gregory refused to do so.  Finally, Ross Fox gave up and left the premises without Mr. Gregory.  Thereafter, Jason Fuqua and Vincent Finazzo continued to request that Mr. Gregory leave the premises. Mr. Gregory refused to leave and became increasingly agitated.  His behavior also became increasingly violent and bizarre.

At one point, Mr. Gregory stated that he saw the devil in the wall of the room and stated that the music the two friends played was "devil music."  Jason Fuqua and Vincent Finazzo continued to request that Mr. Gregory leave.

Mr. Gregory then shoved Vincent Finazzo and stated "I ain't going anywhere, I'm staying right here."  Mr. Gregory stated "you're making me mad man.  You want to fight man?"  After Vincent Finazzo was violently shoved, Jason Fuqua called 911 for assistance.

The police were informed that an individual was refusing to leave the premises and was acting like he was on drugs.  Officers

3

Among, Angell and Tihada arrived at the scene and were confronted by Richard Gregory. Mr. Gregory was holding a pen in one hand and bottle of water in the other. He began walking towards the officers and raised the pen in a threatening manner.

The officers ordered Mr. Gregory to stop and drop the pen. He refused and the police officers immediately attempted to control the situation. Mr. Gregory continued to act in a bizarre manner, such as making statements that he was a Christian and that he was a surfer. The officers grabbed Mr. Gregory's arms and body and attempted to handcuff him. However, Mr. Gregory violently struggled and resisted arrest. The officers repeatedly asked Mr. Gregory to relax and stop resisting. During the struggle Mr. Gregory indicated that he could not breathe. The officers responded "if you can talk you can breathe".

The officers were eventually able to handcuff Mr. Gregory. Shortly thereafter, Mr. Gregory became unresponsive. The officers retrieved an Automatic External Defribrillator ("AED") unit from the police vehicle in their attempts to save Mr. Gregory's life. The officers also performed CPR upon Mr. Gregory. Unfortunately, Mr. Gregory did not respond to the officers' efforts and was eventually pronounced dead. The autopsy revealed that Richard Gregory died of cardiopulmonary arrest.

D.    **UNDISPUTED FACTS**

The testimony of all of the fact witnesses are relatively consistent with the facts as outlined above.

4

**E.    DISPUTED FACTUAL ISSUES**

Plaintiffs' police expert has stated that the police applied a carotid choke hold and an arm bar choke hold.  However, the police officers testified that no such holds were applied.

**F.    RELIEF PRAYED**

Plaintiffs are seeking an unspecified amount of damages.

**G.    POINTS OF LAW**

Qualified immunity protects police officers from liability for their actions unless such actions violate a clearly established constitutional right.  Saucier v. Katz, 533 U.S. 194, 201, 121 S. Ct. 2151, 150 L. Ed. 2d 272 (2001).  "The plaintiff bears the burden of proving the existence of a clearly established right."  Arakawa v. Sakata, 133 F. Supp. 2d 1223, 1230 (D. Haw. 2001), citing Sweaney, supra, 119 F.3d at 1388.

The goal of qualified immunity is to avoid excessive disruption of government and permit the resolution of many insubstantial claims on summary judgment.  Saucier v. Katz, 533 U.S. 194, 202, 150 L. Ed. 2d 272, 121 S. Ct. 2151 (2001), citing, Harlow v. Fitzgerald, 457 U.S. 800, 818, 73 L. Ed. 2d 396, 102 S. Ct. 2727 (1982).[1]

The doctrine protects "all but the plainly incompetent or those who knowingly violate the law."  Malley v. Briggs, 475 U.S. 335, 341 (1986).

---

[1]The Plaintiff must prove by clear and convincing evidence that the Officers' conduct was motivated by malice.  Medeiros v. Kondo, 55 Haw. 499 (1974); Hoke v. Paul, 65 Haw 478 (1982); Runnels v. Okamoto, 56 Haw. 1 (1974).

In the case at bar, Plaintiffs are unable to prove either prong of the analysis. Plaintiffs are unable to establish a constitutional violation since plaintiffs' allegations, if true, do not establish a constitutional violation. Plaintiffs' alleged constitutional violation center upon Gregory stating he could not breathe and officers failure to end the struggle. However, such actions clearly do not establish a constitutional violation.

Plaintiffs allege excessive force was used to subdue Gregory, however, the undisputed facts do not support their claim. All claims of excessive force by law enforcement officers are analyzed under the Fourth Amendment to the U.S. Constitution.[2] <u>Graham v. Connor</u>, 490 U.S. 386, 395, 109 S.Ct. 1865, 1871, 104 L.Ed.2d 443 (1989). The force used by Defendant officers to subdue Gregory was reasonable.

In <u>Graham v. Connor</u>, 490 U.S. 386, 109 S. Ct. 1865, 104 L. Ed. 2d 443 (1989) the United States Supreme Court stated:

> The reasonableness of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight [citation omitted]. . . . The calculus of reasonableness must embody allowance for the fact that **police officers are often forced to make split-second judgments-in circumstances that are tense, uncertain, and rapidly evolving** - about the amount of force that is necessary in a particular situation.
>
> <u>Id</u>. at 396-397.

---

[2]Plaintiffs also allege violations of Eighth Amendment rights and substantive due process, both of which are inapplicable in an excessive force case. <u>Whitley v. Albers</u>, 475 U.S. 312, 318-326, 106 S.Ct. 1078, 1083-1088, 89 L.Ed.2d 251 (1986); <u>Graham v. Connor</u>, 490 U.S. 386, 395, 109 S.Ct. 1865, 1871, 104 L.Ed.2d 443 (1989).

Under a Fourth Amendment analysis, the force used by the officers to restrain Gregory was reasonable. In <u>Phillips v. City of Milwaukee</u>, 123 F.3d 586 (7th Cir. 1997), the District Court granted summary judgment in favor of police officer defendants in a case factually similar to that at bar. The District Court's ruling was affirmed by the United States Court of Appeals for the Seventh Circuit.

In <u>Phillips</u>, police were called to remove Mr. Phillips, who had been evicted from his hotel. When they arrived, police were informed that Mr. Phillips had been behaving strangely, had flooded his room and had thrown fans out of his window. Officers entered the room and noticed that Mr. Phillips was wearing a trench coat and pants that were falling down and was shaking and sweating. When asked questions, Mr. Phillips replied with unintelligible sounds. Hotel workers warned police that Mr. Phillips had a ballpoint pen clenched in each hand. Officers were concerned for their safety because of Mr. Phillips' size and the way he was holding the pens. The officers believed that Mr. Phillips could cause them injury if he lunged at them with the pens. One officer grabbed one of Mr. Phillip's wrists, while another officer grabbed the other wrist. Mr. Phillips resisted and a struggle ensued. <u>Id</u>. at 588.

The struggle was intense but the police were not violent with Mr. Phillips. When the officers tried to place Mr. Phillips on the bed to control him, Mr. Phillips became violent, pulling with his shoulders and upper body. The officers decided to put Mr. Phillips on the floor. A hotel employee helped police get Mr. Phillips to the floor. Once there, Mr. Phillips became more violent, kicking and

trying to bite an officer. Mr. Phillips was handcuffed and an officer placed one knee on Mr. Phillips' right shoulder blade to keep him from turning over and kicking. Officers were certain that Mr. Phillips would be able to turn over if he had not been kept in place by the knee to his shoulder blade. Leg restraints were used to control Mr. Phillips, but he was not hog-tied. Id. at 588-589.

A few minutes after the leg restraints were applied, officers discovered that Mr. Phillips was not breathing and had no pulse. Mr. Phillips died the next day.

The District Court granted the defendants' motion for summary judgment primarily on qualified immunity. The court held that the seizure was reasonable, noting that the officers properly grabbed Mr. Phillips' hands to release the pens when the struggle began. The Court also held that the handcuffing and the use of leg restraints was reasonable because of Mr. Phillips' aggressive behavior. Finally, the Court held that, because the officers did not violate any of Mr. Phillips' constitutional rights, the question of whether the police policies was unconstitutional was moot. Id. at 590.

In affirming the decision of the District Court, the Appellate Court held that the actions of the officers were an "objectively reasonable response to the escalating situation they faced." Id. at 593 quoting United States v. Montoya de Hernandez, 473 U.S. 531, 542, 105 S.Ct. 3304, 3310, 87 L.Ed.2d 381 (1985) (quoting United States v. Place, 462 U.S. 696, 709 n. 10, 103 S.Ct. 2637, 2646 n. 10, 77 L.Ed.2d 110 (1983). The Appellate Court held that it was reasonable for the officers to protect themselves from

injury by disarming Mr. Phillips.    Further, the Appellate Court discussed the fact that Mr. Phillips' actions caused the escalation by thrashing violently and refusing to unclench his fists and drop the pens.  Id. at 592.

Apparently Plaintiffs believe that once Gregory stated he could not breathe, the Officers should have left the premises or ceased their attempts to arrest him or permit Gregory to leave.  Such an argument is absurd.  The Officers had to complete the handcuffing of Gregory.

**H.    PREVIOUS MOTIONS**

A motion for summary judgment is pending and will be heard on January 13, 2006.

**I.    WITNESSES TO BE CALLED**

County Defendants proffers that the following individuals and/or entities may likely have discoverable information concerning any significant factual issue raised in the pleadings:

1.    Valerie Gregory, c/o Law Office of Eve M. Green, 24 N. Church Street, Suite 409, Wailuku, HI 96793, to testify regarding alleged liability and damages and the authenticity of documents.

2.    Nicolas Angell, c/o Department of the Corporation Counsel, 200 S. High Street, Wailuku, HI 96793, to testify regarding the subject incident and damages.

3.    Edwin Among, c/o Department of the Corporation Counsel, 200 S. High Street, Wailuku, HI 96793, to testify regarding the subject incident and damages.

4.    Garret Tihada, c/o Department of the Corporation Counsel, 200 S. High Street, Wailuku, HI 96793, to testify regarding the subject incident and damages.

5.    Sergeant Mark Joaquin, c/o Department of the Corporation Counsel, 200 S. High Street, Wailuku, HI 96793, to testify regarding liability and damages.

6.    Chief of Police Thomas Phillips and/or other representative of the Maui Police Department, c/o Department of the Corporation Counsel, 200 S. High Street, Wailuku, HI 96793, to testify regarding liability and damages.

7.    Sergeant Jason Rego, c/o Department of the Corporation Counsel, 200 S. High Street, Wailuku, HI 96793, to testify regarding liability and damages.

8.    Officer Arthur Dadez, c/o Department of the Corporation Counsel, 200 S. High Street, Wailuku, HI 96793, to testify regarding liability and damages.

9.    Police Chaplin Arza Brown, c/o Department of the Corporation Counsel, 200 S. High Street, Wailuku, HI 96793, to testify regarding liability and damages.

10.    Kevin Kahaialii, Ronald Hiyakumoto, or other representative(s) of the Maui Police Department, c/o Department of the Corporation Counsel, 200 S. High Street, Wailuku, HI 96793, to testify regarding the subject incident and damages.

11.    Custodian of Records, Maui Police Department, c/o Department of the Corporation Counsel, 200 S. High Street, Wailuku, HI 96793, to verify the authenticity of certain records.

12.   Evidence Custodian, c/o Department of the Corporation Counsel, 200 S. High Street, Wailuku, HI 96793, to verify the authenticity of certain items of evidence.

13.   Jason Fuqua, see police report for address, to testify regarding the subject incident and damages.

14.   Vincent Finazzo, see police report for address, to testify regarding the subject incident and damages.

15.   Ross Fox, see police report for address, to testify regarding the subject incident and damages.

16.   Gary and Elizabeth Hashimoto, 2 Ho'eha'ili Way Wailuku, HI 96793, to testify regarding alleged damages and liability.

17.   Clarisse Baisa, 145 Maha Road, Makawao, HI 96768, to testify regarding alleged liability and damages.

18.   Vivian Castillo, Alice Monoogan, Elaine Fukuhara, Maude Yamakawa, Deanna Mirzai-Nagasaka, Susan Ogle, Jim Flavin, Sherye Kuhia, Cheryl Thebeau, and/or custodian of Records, Pukalani Elementary School, 2945 Iolani Street, Pukalani, HI 96768, to testify regarding alleged damages.

19.   Representative and/or Custodian of Records of Med-Quest, 2145 Wells Street, Suite 103, Wailuku, HI 96793, to verify the authenticity of certain records and/or testify regarding damages.

20.   Diane Kosaka, Custodian of Records and/or other representative of Kalama Intermediate School, 120 Makani Road, Makawao, HI 96768, to testify regarding alleged damages as to Plaintiff Isreal Gregory.

21.   Representative and/or Custodian of Records of Embassy Vacation Resort Maui, 104 Kaanapali Shores Place, Lahaina, HI 96761, to verify the authenticity of certain records and/or testify regarding damages.

22.   Maile Kaio, Custodian of Records, Kaiser Permanente, 501 Alakawa Street, Wailuku, HI 96793, to testify regarding decedent's medical records.

23.   Renee Saribay, Custodian of Records, Integ Business Services, 221 Mahalani Street, Wailuku, HI 96793, to testify regarding decedent's medical records.

24.   Carol Spencer, and/or Custodian of Records, HMSA, 33 Lono Avenue, Suite 350, Kahului, Hawaii 96732, to testify regarding decedent's medical records.

25.   Gwen Takakura and/or Custodian of records, Ballard Family Mortuary, 440 ala Makani Street, Kahului, Hawaii to testify regarding the records of Richard Gregory.

26.   Bradley Hall and/or Custodian of records of Calvary Chapel 781 Kolu Street, Suite C-1, Wailuku, Hawaii to testify regarding liability and damages as well as the authenticity of documents.

27.   Dr. Clifford Wong, Clinical Labs of Hawaii, Toxicology Department, 91-2135 Ft Weaver Road, #300, Ewa Beach, HI 96706, to verify the authenticity of certain records and/or testify regarding liability and damages.

28.   Deborah Lynne Amaral and/or representative(s) and/or custodian of records of Maui Economic Opportunity, Makawao Headstart Preschool, 99 Mahalani Street, Wailuku, Hawaii 96793 to testify

regarding liability and damages as well as the authenticity of documents.

29.    Honolulu Lodge No. 616 of the Benevolent and Protective Order of Elks of the United States of America, 2933 Kalakaua Avenue, Honolulu, Hawaii 96815, to testify regarding liability and damages as well as the authenticity of documents.

30.    Custodian of Records for Kaiser Permanente, 80 Mahalani Street, Wailuku, Hawaii 96793  to testify regarding liability and damages as well as the authenticity of documents.

31.    Diana Kosaka and/or representative(s) and/or Custodian of records of Samuel E. Kalama Intermediate School, 120 Makani Road, Makawao, Hawaii 96768 to testify regarding damages as well as the authenticity of documents.

32.    Rodney Gabaldon and/or representative(s) and/or Custodian of records Embassy Vacation Resort, 104 Kaanapali Shores Place, Kaanapali, Hawaii 96761 to testify regarding damages as well as the authenticity of documents.

33.    Representative(s) and/or Custodian of records of Balboa Life & Casualty, P.O. Box 19702, Irvine, CA 92623-97102 to testify regarding damages as well as the authenticity of documents.

34.    Cindy Stelta, 1901 Nadal Street, Apt 148, Canyon County, CA 91351 to testify regarding liability and damages as well as the authenticity of documents.

35.    Carl Hashimoto, Tianna Hubbernette, Dennis Graue, Stan Albreecht, addresses currently unknown to testify regarding liability and damages as well as the authenticity of documents.

13

36.   Representative(s) and/or custodian of records of The Business Doctor, 2439 S. Kihei Road, Suite 201-B, Kihei, Hawaii to testify regarding damages as well as the authenticity of documents.

37.   Representative(s) and/or custodian of records of H&R Block, 1063 Lower Main Street, #207C, Wailuku, Hawaii to testify regarding damages as well as the authenticity of documents.

38.   Representative(s) and/or custodian of records of Tolan & Associates,3459 State Street, Santa Barbara, CA to testify regarding damages as well as the authenticity of documents.

39.   Representative(s) and/or custodian of records of Vilorias Tax Service, 112 Hoomoku Street, Kahului, Hawaii to testify regarding damages as well as the authenticity of documents.

40.   Representative(s) and/or custodian of records of Calypso Bar & Grill, 514 State Street, Santa Barbara, CA 93101 to testify regarding damages as well as the authenticity of documents.

41.   Representative(s) and/or custodian of records of Rocky's Bar, 35 State Street, Santa Barbara, CA to testify regarding damages as well as the authenticity of documents.

42.   Representative(s) and/or custodian of records of Josie's Four Winds, 3435 State Street, Santa Barbara, CA 93105 to testify regarding damages as well as the authenticity of documents.

43.   Representative(s) and/or custodian of records of Emlease Co., 1135 Terminal Way, Suite 209, Reno NV to testify regarding damages as well as the authenticity of documents.

44.   Representative(s) and/or custodian of records of Kahana Keyes to testify regarding damages as well as the authenticity of documents.

14

45.  Renee  Saribay  and/or  representative(s)  and/or custodian of records of Maui Memorial Medical Center, 221 Mahalani Street, Wailuku, Hawaii to testify regarding damages as well as the authenticity of documents.

46.  Thomas Loudat, 46-281 Auna Street, Kaneohe, Hawaii 96744  will testify regarding damages.

47.  Anthony Manoukian, M.D., 221 Mahalani Street, Wailuku, Hawaii, will testify as to liability and damages.

48.  Brenda  Molina,  Elithe  Pladera  and/or  other representative(s) of American Medical Response, 230 Hana Highway, Space 10B, Kahului, Hawaii 96732, will testify as to liability and damages and the authenticity of documents.

49.  County Defendants reserve the right to name additional witnesses, including but not limited to, an expert in police policies and procedures, an expert in psychiatry, and an expert in cardiology.

50.  Rebuttal witnesses, as may be necessary.  County Defendants will provide expert disclosure as required by Court rules and pretrial orders.

51.  Dr. Vincent Di Maio, c/o Department of the Corporation Counsel,  200  S.  High  Street,  Wailuku,  HI  96793,  will  testify regarding liability and damages.

52.  Robert  Bragg,  c/o  Department  of  the  Corporation Counsel,  200  S.  High  Street,  Wailuku,  HI  96793,  will  testify regarding liability and damages.

53.  Dr. Theodore Chan, c/o Department of the Corporation Counsel,  200  S.  High  Street,  Wailuku,  HI  96793,  will  testify regarding liability and damages.

54.    Dr. Robert Marvit, c/o Department of the Corporation Counsel, 200 S. High Street, Wailuku, HI 96793, will testify regarding liability and damages.

55.    Dr. Guy Sugino, Kim Miyamoto, Kaiser-Maui Lani Clinic, 55 Maui Lani Parkway, Wailuku, HI 96793, to testify regarding damages.

56.    Donna Weste, Les Aoki, Queen Lili'uokalani Children's Center, 1791 Wili Pa Loop, Wailuku, Hawaii 96793, will testify as to damages.

57.    Kevin Ranken and/or other representative, Kalama School, Makawao, Hawaii, will testify regarding damages.

58. County Defendants may also call any witness identified by Plaintiffs or identified in discovery.

**J.    EXHIBITS, SCHEDULES AND SUMMARIES**

County Defendants have provided Plaintiffs with numerous documents responsive to their requests for production of documents. County Defendants will provide Plaintiffs, or make available to Plaintiffs, copies of the materials, documents, data compilations, or tangible things in their possession, custody, or control, which may be used by County Defendants to support their contentions with respect to any significant issue in this case upon request.

All documents received by subpoena or authorization, including, but not limited to records received from Med-Quest, Kalama Intermediate School, Kaiser Permanente, Queen Lili'uokalani Children's Center and records from the Embassy Suites.

All documents identified by Plaintiffs or relied upon by Plaintiffs.

All documents identified or relied upon by experts.

All documents disclosed in discovery.

Tax records of Plaintiffs.

Bankruptcy and foreclosure records of Plaintiffs.

School and counseling records of Plaintiffs.

Letters or other documents written by Richard Gregory.

Documents and other evidence collected by the Maui Police Department during its investigation, including, but not limited to, items found in Richard Gregory's vehicle and the pen he was holding the night of December 2, 2002. For additional information, see the police report which has previously been produced to the Plaintiffs.

K.  **FURTHER DISCOVERY OR MOTIONS**

Officer Among has recently been informed that he must report for active duty with the military beginning January 31, 2006. Therefore, he will be unavailable to trial. As a result the parties have agreed to take a videotape deposition of his testimony in order to present at trial.

L.  **STIPULATIONS**

No stipulations have been requested or proposed. However, it is anticipated that the parties will stipulate to the admissibility of certain exhibits.

M.  **AMENDMENTS, DISMISSALS**

No requested or proposed amendments to pleadings currently exist. A motion for summary judgment is pending and will be heard on January 13, 2006.

**N.    SETTLEMENT DISCUSSION**

The parties have participated in two settlement conferences. The Defendants have offered $50,000.00. The Plaintiffs indicated that they were "insulted" and have not communicated a counter-offer to the Defendants.

**O.    AGREED STATEMENT**

The presentation of the action will not be upon an agreed statement of facts.

**P.    BIFURCATION, SEPARATE TRIAL OF ISSUES**

Bifurcation is not currently desired.

**Q.    REFERENCE TO MASTER OR MAGISTRATE JUDGE**

This case will be heard by a jury and not by a magistrate judge. The Defendants may be willing to have this matter heard by a magistrate.

**R.    APPOINTMENT AND LIMITATION OF EXPERTS**

No request has been made for the appointment of an expert or to limit the number of experts.

**S.    TRIAL**

The trial for this matter is set for February 14, 2006. A jury has been demanded.

**T.    ESTIMATE OF TRIAL TIME**

It is anticipated that trial will last one to two weeks. The Defendants will require 4 to 5 days to present its case.

**U.    CLAIMS OF PRIVILEGE OR WORK PRODUCT**

Defendants are not claiming that any matters required to be disclosed in this statement are subject to privilege.

V.    **MISCELLANEOUS**

There are no other subjects relevant to the trial of the action.

DATED: Wailuku, Maui, Hawaii, December 23, 2005.

_____
LAUREEN L. MARTIN
KENNETH S. ROBBINS
Attorneys for County Defendants

19

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

VALERIE GREGORY, individually and)
as Special Administrator of the)
Estate of RICHARD J. GREGORY,)
Deceased, and as next friend of)
ISREAL GREGORY, a minor, KEANU)
GREGORY, a minor, KALANI GREGORY,)
a minor, and SHAYLISSE GREGORY, a)
minor,                           )
                                 )
          Plaintiffs,            )
                                 )
     vs.                         )
                                 )
COUNTY OF MAUI, MAUI POLICE)
DEPARTMENT, GARRET TIHADA, EDWIN)
K. AMONG, NICHOLAS ANGELL, JOHN)
DOE OFFICERS 1-10, JOHN DOES 1-10,)
JANE DOES 1-10, DOE CORPORATIONS)
1-10, DOE PARTNERSHIPS 1-10, and)
DOE GOVERNMENTAL ENTITIES 1-10,  )
                                 )
          Defendants.            )
_____ )

CIVIL NO. 04-00516 SPK KSC
(Other Non-motor vehicle tort)

CERTIFICATE OF SERVICE

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing document was duly served on December 23, 2005, upon the following parties, in the manner so indicated, at their last known addresses:

|  | METHOD OF SERVICE: | |
|  | MAIL | HAND-DELIVERY |
| David J. Gierlach, Esq.<br>500 Ala Moana Blvd., Suite 330<br>5 Waterfront Tower<br>Honolulu, Hawaii 96813 | X | |
| Eve Green, Esq.<br>24 N. Church Street, Suite 409<br>Wailuku, Hawaii 96793 | X | |
| David A. Sereno, Esq.<br>55B N. Church Street<br>Wailuku, Hawaii 96793 | X | |

DATED: Wailuku, Maui, Hawaii, December 23, 2005.

LAUREEN L. MARTIN
KENNETH S. ROBBINS
Attorneys for County Defendants

2