ORIGINAL

DAVID J. GIERLACH          5041
500 Ala Moana Boulevard
Suite 330, 5 Waterfront Plaza
Honolulu, Hawaii 96813
Telephone:  (808) 523-1332
Facsimile:   (808) 526-2275

EVE M. GREEN              5550
58 Central Avenue
Wailuku, Maui, Hawaii 96793

DAVID A. SERENO           5739
55-B N. Church Street
Wailuku, Maui, Hawaii 96793

Attorneys for Plaintiffs

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

DEC 2 7 2005

at _____o'clock and _____min. _____M
SUE BEITIA, CLERK

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| VALERIE GREGORY, Individually and as Special Administrator of the Estate of RICHARD J. GREGORY, Deceased, and as Next Friend of ISREAL GREGORY, a Minor, KEANU GREGORY, a Minor and SHAYLISSE GREGORY, a Minor,<br><br>   Plaintiffs,<br><br>  vs.<br><br>COUNTY OF MAUI, MAUI POLICE | CIVIL NO. CV 04 00516 SPK/KSCC<br>[Other Non-Motor Vehicle Tort]<br><br>PLAINTIFFS' PRETRIAL STATEMENT; CERTIFICATE OF SERVICE<br><br>PRETRIAL CONFERENCE:<br><br>DATE: JANUARY 3, 2006<br>TIME: 9:00 A.M.<br>JUDGE: KEVIN S.C. CHANG<br><br>TRIAL: FEBRUARY 14, 2006 |

[CAPTION CONTINUED]

DEPARTMENT, GARRET TIHADA,    )
EDWIN K. AMONG, NICHOLAS E.    )
ANGELL, JOHN DOE OFFICERS 1-    )
10, JOHN DOES 1-10, JANE DOES    )
1-10, DOE CORPORATIONS 1-10,    )
DOE PARTNERSHIPS 1-10 AND    )
DOE GOVERNMENTAL ENTITIES    )
1-10,    )
    )
    )
        Defendants.    )
_____    )

## PLAINTIFFS' PRETRIAL STATEMENT

Plaintiffs hereby submit their Pretrial Statement pursuant to Rule 235-7 of the *Rules of the United States District Court for the District of Hawaii* and LR16.6 of the *Local Rules of the United States District Court for the District of Hawaii.*

A.    PARTIES

This Pretrial Statement is submitted on behalf of Valerie Gregory, Individually and as Special Administrator of the Estate of Richard J. Gregory, Deceased, and as Next Friend of Isreal Gregory, a Minor, Keanu Gregory, a Minor and Shaylisse Gregory, a Minor,

B.    JURISDICTION AND VENUE

This is a civil rights action for damages and is founded on a claim of deprivation of constitutional rights under 42 U.S.C. § 1983 and the First, Fourth,

2

Fifth, Eight, Ninth, and Fourteenth Amendments of the *Constitution of the United States*. This Court has original jurisdiction pursuant to 28 U.S.C. § 1331 and this Court is the District Court for the district embracing the County of Maui, State of Hawaii wherein the alleged civil rights violations occurred.

C.    SUBSTANCE OF ACTION

On December 2, 2002, Richard Gregory died while being arrested by officers from the Maui Police Department. Allegedly, Richard J. Gregory had gone to a music studio with a friend and later refused to leave the premises. As result, the police were called and informed of Richard Gregory's refusal to leave and that he was acting strange, like he was mentally ill or on drugs.

Police arrived a short time later and immediately began struggling with Richard Gregory, allegedly because he had a pen in his hand, which he refused to put down. During the struggle, Richard Gregory was heard to report on several occasions, that he could not breathe. Police officers responded "If you can talk, you can breathe."

Operating under this mistaken belief that if a person could talk, they could breathe, police continued to restrain Richard Gregory. Richard Gregory eventually became unresponsive and finally, police released him. Richard J. Gregory never regained consciousness and was pronounced dead.

Initially it was believed, based on the information received, that the death of Richard J. Gregory was caused by the failure of the officers to adequately respond to Richard Gregory's complaints of inability to breathe. Specifically, Plaintiffs believed, based on the investigation done, that the officers were operating, through custom, rule, training, procedure, under an improper belief that if a person could talk, the person could breathe. Liability was therefore framed in terms of negligence, rather than any excessive force or brutality by the officers.

However, after review of the police reports and consultation with experts, it became apparent that, in addition to the false belief that if a person could talk, the person could breathe, the officers approached Richard Gregory in an overly aggressive manner, failed to suspect excited delirium and react appropriately, and used a lethal or potentially lethal hold on Richard Gregory and failed to recognize the risks of positional and/or restraint asphyxia. This information changed the case from one of pure negligence, to one of civil rights violation, assault, excessive force and brutality, as a result of which, Plaintiffs amended the complaint to add civil rights claims. Thereafter, Defendants moved to have the matter removed to this Court.

Plaintiffs allege Defendant County of Maui, Maui Police Department and Defendant Officers Garret Tihada, Edwin K. Among, Nicholas E. Angell and Doe Defendant Officers 1 through 10, alleging Defendants, and/or any of them,

negligently handled the circumstances and situation as it existed on December 2, 2002; negligently hired, trained, supervised, employed, maintained, commanded, retained, and/or managed, individual Defendants, and/or any of them; negligently implemented certain policies, practices, ordinances, rules and/or customs and failed to terminate the same and/or discipline or deter officers from engaging in said policies and/or rules, and/or ineffectively trained said officers. As a result of the negligence of Defendants, and/or any of them, Plaintiff Richard Gregory was killed.

Plaintiffs also allege civil rights violations against Defendants for committing the acts described herein under color of state law, ordinances, regulations, customs, policies, practices, and/or usages, and arises under the *United States Constitution*, particularly the provisions of the First, Fourth, Fifth, Eight, Ninth and Fourteenth Amendments to the *Constitution of the United States*, and under federal and State of Hawaii statutory and common law, particularly *42 U.S.C., §§ 1983, 1985, 1986, 1988* and the *State of Hawaii Death by Wrongful Act*, Chapter 663, *Hawaii Revised Statutes*.

Each of the Defendants was the agent and/or employee and/or co-conspirator of each of the remaining Defendants, and, in doing the things hereinafter alleged, were acting within the scope of such agency, employment and/or conspiracy, and with the permission and consent of their co-Defendants.

At the time of the aforesaid confrontation, Defendants did not have probable cause to believe that Richard J. Gregory had committed a crime, or otherwise presented a threat of probable harm to them, or any of them, or anyone else, so that the deadly force used by Defendants, and/or any of them, was unjustified, unlawful, unnecessary, unreasonable, excessive, and outrageous, especially given the availability of alternative means to control, subjugate, or restrain Richard J. Gregory. The actions of Defendants, and/or any of them constituted an assault, battery, use of excessive and deadly force, execution, and murder.

Defendants, and/or any of them, separately and/or in concert, acted under color and pretense of state law, statutes, ordinances, regulations, policies, practices, customs and usages of the State of Hawaii and/or the County of Maui, and/or the Maui Police Department, and, in the course thereof, deprived Richard J. Gregory, deceased, of his constitutional and statutory civil rights, privileges, and immunities secured to him by the First, Fourth, Fifth, Eighth, Ninth, as well as Fourteenth Amendments to the *United States Constitution* and/or laws of the United States of America and/or State of Hawaii.

Defendants' conduct, or that of any of them, resulted from, and/or was pursuant to, actual or *de facto* policies, practices, ordinances, rules and/or customs which allowed circumstances such as those which existed on December 2 and

December 3, 2002, to occur. One of the policies, practices, ordinances, rules and/or customs, mentioned herein, among others, was implemented by Defendant County of Maui, and/or its employees, including individual Defendants, was to summarily punish persons who refused to obey police officers' commands or instructions, whether lawful or not, by means of unlawful arrest, detention and/or use of excessive or deadly force. Despite the existence of said policies, practices, ordinances, rules and/or customs, the supervisory and policy making officers and officials of the Maui County Police Department took no steps to terminate said policies, practices, ordinances, rules and/or customs, did not discipline or otherwise effectively deter the individual officers engaged in said policies and practices, and did not effectively train police officers regarding proper constitutional and statutory limits in the exercise of their authority.

Another of the said policies, practices, ordinances, rules and/or customs of Defendant County of Maui was to refuse to decrease and/or diminish force and/or pressure on persons who complained of inability to breathe, under the principal that, if a person could talk, the person could breathe. Another of the said policies, practices, ordinances, rules and/or customs of Defendant County of Maui was to retain police officers who were known to have actual or potential violent propensities, to fail to retrain police officers who were known to have such

propensities, to fail to discipline police officers following documented episodes of violent behavior.

Defendants, and/or any of them, agreed and conspired to implement one or more of the policies and practices mentioned above, or others, in such a fashion that the conspiracy became an informal and/or formal decision, practice, or policy of Defendant County of Maui, all of which resulted in violation of Plaintiff's decedent's constitutional rights, including deprivation of his substantive due process. Defendants' adherence to the aforesaid policies, practices, ordinances, rules and/or customs, and/or others, resulted in Defendants intentionally disregarding the rights of the general pubic, and Plaintiffs' decedent's rights, under the First, Fourth, Fifth, Eight, Ninth and Fourteenth Amendments to the *United States Constitution*, so that Defendants are liable to Plaintiffs under *42 U.S.C. §1983. et. seq.*, for the violation of Plaintiff's decedent's constitutional, legal, substantive and procedural rights.

The conduct of Defendants, and/or that of any of them, carried out under color of state law, ordinances, regulations, customs, policies, practices and/or usages, had no justification or excuse in law, constituted an arbitrary abuse of governmental authority and power, were grossly negligent, shocking to the average person's conscience, fundamentally unfair, arbitrary and oppressive, unrelated to any activity in which governmental officers could appropriately and legally engage in, in the

course of protecting persons or property, outrageous and/or intentional and/or malicious and/or constituted a conscious and/or callous disregard of the rights of Plaintiff's decedent, and/or were  in wanton and reckless disregard thereof, thereby justifying the imposition of punitive damages on individual Defendants.  Defendant County of Maui is not liable for punitive damages by reason of the United States Supreme Court's decision in *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247 (1981).

As a result of the negligent conduct of Defendants, and/or any of them, Richard J. Gregory suffered grievous physical pain and conscious and extreme mental and psychic trauma and emotional harm before dying. As a further legal result of the negligence of Defendants, and/or that of any of them, Plaintiff Decedent's estate incurred medical and funeral expenses, loss of future earnings as well as loss of decedent's life's enjoyment and/or reduction of life expectancy as to which said Plaintiffs shall be entitled pursuant to proof adduced at trial.

As a further result of the conduct of Defendants, and/or that of any of them, Plaintiffs Isreal Gregory, Keanu Gregory, Kalani Gregory, and Shaylisse Gregory, sustained severe and permanent mental distress as result of the death of their father, Richard J. Gregory, Deceased, and the loss of the physical, moral and/or social support, and/or economic support, love, affection, respect, care, attention, comfort

and companionship, to which they had been entitled, and/or actually received, and to which they would have continued to be entitled to receive, but for the wrongful death of Richard J. Gregory, deceased.

D.    UNDISPUTED FACTS

On December 2, 2002, Richard Gregory died while being arrested by officers from the Maui Police Department. He had gone to a music studio with a friend and later refused to leave the premises. As result, the police were called and informed of Richard Gregory's refusal to leave and that he was acting strange, like he was mentally ill or on drugs. Richard Gregory is the husband of Valerie Gregory and the father of Isreal Gregory, Keanu Gregory, and Shaylisse Gregory.

E.    DISPUTED FACTUAL ISSUES

All issues concerning negligence and causation are in dispute as well as the issue of damages.

F.    RELIEF PRAYED

That judgment enter in favor of Plaintiffs and against Defendants on each count of the Complaint.

G.    POINTS OF LAW

Whether decedent's civil rights were violated and if he was deprived of his constitutional rights under 42 U.S.C. §1983 and the First, Fourth, Fifth, Eight, Ninth,

and Fourteenth Amendments to the *United States Constitution*.

H.     PREVIOUS MOTIONS

Motion for summary judgment.

I.     WITNESSES TO BE CALLED

1.     Valerie Gregory
       c/o The Law Office of Eve M. Green
       58 Central Avenue
       Wailuku, Hawaii 96793

       Wife of Deceased.

2.     Clarice Baisa
       145 Mana Road
       Makawao, Hawaii  96768

       Best friend of Valerie Gregory.

3.     Vincent Finazzo
       address unknown

       Witness.

4.     Ross Fox
       Nani Lane
       Pukalani, Maui, Hawaii  96768

       Witness.

5.     Jason Fuqua
       address unknown

       Witness.

6.      Elizabeth Hashimoto
        2 Hoehaili Way
        Wailuku, Hawaii  96793

        Mother of Valerie Gregory.

7.      Gary Hashimoto
        2 Hoahili Way
        Wailuku, Maui, Hawaii  96793

        Father of Valerie Gregory.

8.      Brenda Molina
        c/o American Medical Response
        230 Hana Highway
        Space 10-B
        Kahului, Hawaii 96732

        Responded to scene.

9.      Elithe Pladera
        c/o American Medical Response
        230 Hana Highway
        Space 10-B
        Kahului, Hawaii  96732

        Responded to scene.

10.     James Antunez
        846 Moreno Drive
        Ojai, California

        Friend and co-musician of deceased.

11.     Danny Matsuura
        c/o Maui Police Department
        Wailuku, Maui, Hawaii 96793

Training/Standard Officer

12.    Mark Joachim
c/o Maui Police Department
Wailuku, Maui, Hawaii   96793

Training/Standard Officer

13.    The following Maui Police Department Officers  will testify as to the

facts of the occurrence as known by them and their investigation of it, including, but

not limited to, arrest procedures:

Edwin Among
Nicholas Angell
Sgt. Kevin Kahaialii
Garret M.K. Tihada

14.    Ronald Hiyakumoto
c/o Maui Police Department
221 Mahalani, Wailuku, Maui, Hawaii 96793

Investigated occurrence.

15.    Rojar Ellis
Current address unknown
Telephone: (909) 551-2992

Will testify regarding liability and damages.

16.    Benny Contreras
Current address unknown
Telephone: (805) 733-1133

Will testify regarding liability and damages.

17.    Hal Bellone
        Resides in State of California
        Current address and phone number unknown

        Will testify regarding liability and damages.

18.    Les Potts
        107 Loa Place
        Napili, Hawaii

        Will testify regarding liability and damages.

19.    Mario Farve
        Address unknown
        (808) 572-5876

        Will testify regarding liability and damages.

20.    Mike Carrol
        Address unknown
        (808) 669-1226

        Will testify regarding liability and damages.

21.    Carl Hashimoto
        Address unknown
        (808) 242-9297

        Will testify regarding liability and damages.

22.    Rick Polizu
        4068 Dia Zorro Road
        Apartment A
        Santa Barbara, California 93110

        Will testify regarding liability and damages.

23.    Danny Glover
       Post Office Box 1200
       Haleiwa, Hawaii 96712

       Will testify regarding liability and damages.

24.    Dave Lucas
       Address unknown
       Telephone: (808) 322-9220

       Will testify regarding liability and damages.

25.    Wayne Dunn
       Address unknown
       Telephone: (808) 344-0808

       Will testify regarding liability and damages.

26.    Natalie Hussey
       Address and phone number not known

       Will testify regarding liability and damages.

27.    Rick Polizo
       4068 Dia Zoro
       Apartment A
       Santa Barbara, California
       Telephone: (805) 637-9087

28.    Dr. Guy Sugino
       Kaiser Maui Lani
       55 Maui Lani Parkway
       Wailuku, Maui, Hawaii 96793
       Telephone: (808) 243-6050

       Decedent's treating physician.

29.    Kim Miyamoto
       Kaiser Maui Lani
       55 Maui Lani Parkway
       Wailuku, Maui, Hawaii 96793
       Telephone: (808) 243-6050

       Behavior health specialist will testify as to her treatment of decedent's
       children.

30.    Donna Weste
       Queen Liliuokalani Childrens Center
       1791 Wili Pa Loop
       Wailuku, Maui, Hawaii 96793
       Telephone: (808) 242-8888

       Counselor will testify as to counseling for children's depression.

31.    Wayne Dunn
       Address unknown
       (808) 344-0808

       Will testify as to being beaten by Officers Tihada and Taketa.

32.    Custodian of records of the following medical providers and/or

emergency response teams to authenticate medical records and/or police reports,

and/or bills in the event it is required.

       Maui Police Department
       Hawaii Emergency Medical Services
       Maui Memorial Medical Center

33.    The following medical providers to provide testimony concerning the

nature, extent and duration of any and all injuries suffered by Plaintiff Richard J.

Gregory, the causal connection between the actions of the police officers and the subsequent death of Richard Gregory, the autopsy findings and the causal relationship between the injuries suffered and the occurrence on December 2, 2002, the pain and suffering experience by Richard J. Gregory, and other related matters.

1.  Dr. Anthony Manoukian
    c/o Maui Memorial Medical Center
    Department of Pathology
    221 Mahalani Street
    Wailuku, Maui, Hawaii 96793

2.  Dr. Guy Sugino
    Kaiser Maui Lani
    55 Maui Lani Parkway
    Wailuku, Maui, Hawaii 96793

3.  Kim Miyamoto
    Kaiser Counselor
    55 Maui Lani Parkway
    Wailuku, Maui, Hawaii 96793

    Will testify regarding damages.

4.  Les Aoki
    Queen Lilioukalani Children's Center

    Will testify regarding damages.

5.  Kevin Renkin
    Kalama School Counselor

    Will testify regarding damages.

6.      Plaintiffs may call any witness, expert or other, listed in any party's pleadings or otherwise identified by any party, discovered hereafter, deposed, or used for rebuttal, where the testimony of any such witness will be relevant to any issue in this case.

J.    EXHIBITS, SCHEDULES AND SUMMARIES

1.      Maui Time Weekly Article, dated 4/15/04.

2.      Honolulu Star Bulletin Article, dated 12/06/02.

3.      Photographs of Gregory's shirt, shorts, ring.

4.      Honolulu Start Bulletin Article, dated 12/06/02.

5.      Copies of Video Cover (front and back): "They sold their souls for Rock N Roll."

6.      Certificate of Death.

7.      Accidental Death and Dismemberment Insurance Policy Sheet.

8.      Thanksgiving 2002 Letter written by Richard to Valerie.

9.      July 16, 2003 Maui News Article re: filing of complaint.

10.    Positional Asphyxia Research.

11.    Deposition Upon Written Interrogatories of Pacific Restaurant Ventures, dba Nick's Fish Market, taken on 2/11/04.

12. Deposition Upon Written Interrogatories of Kaiser Permanente, taken 2/26/04.

13. Deposition Upon Written Interrogatories of Maui Economic Opportunity, Makawao Headstart Preschool, taken 2/23/04.

14. Deposition Upon Oral Examination of Gary Hashimoto (Valerie's father), taken 3/2/04.

15. Deposition Upon Oral Examination of Elizabeth Hashimoto (Valerie's Mother) taken 3/2/04.

16. MPD Report No. 02-100282.

17. Deposition Upon Oral Examination of Clarisse Baisa, taken 1/22/04.

18. Deposition Upon Oral Examination of James Antunez, taken 7/7/04.

19. C.V. of D.P. Van Blaricom.

20. Autopsy Report.

21. Affidavit of D.P. Van Blaricom.

22. Deposition Upon Oral Examination of Cynthia Bruins, taken 7/8/04.

23. Video of Richard playing music.

24. Family Photographs.

25. Deposition Upon Written Interrogatories of Kaiser Permanent, Vol. 1 and 2, taken 3/17/04.

26.    Deposition Upon Written Interrogatories of Bradley Hall (Calvary Chapel Central Maui), taken 3/23/04.

27.    Transcript of Proceedings June 22, 2004.

28.    Transcript of Proceedings May 24, 2004.

29.    Deposition Upon Written Examination of Ballard Family Mortuary, taken 3/22/04.

30.    Deposition of Thomas Phillips.

31.    Deposition of James Antunez, taken July 7, 2004.

32.    Documents produced by Defendant County of Maui, including, but not limited to, police report 02-100252, police report 02-100282, Personnel records of Officer Tihada, Office Among and Office Angell.

K.    FURTHER DISCOVERY OR MOTIONS

None at this time.

L.    STIPULATIONS

No stipulations are foreseen at this time.

M.    AMENDMENTS, DISMISSALS

Plaintiffs do not plan any amendments and/or dismissals at this time.

N.    SETTLEMENT DISCUSSIONS

None.

O.    AGREED STATEMENT

Plaintiffs do not foresee to entering into an agreed upon statement between the parties at this time.

P.    BIFURCATION, SEPARATE TRIAL OF ISSUES

It is unlikely that Plaintiffs will seek bifurcation or a separate trial of the issues herein.

Q.    REFERENCE TO MASTER OR MAGISTRATE JUDGE

It is unlikely that a Master or Magistrate Judge will be necessary although Plaintiffs do not oppose same.

R.    APPOINTMENT AND LIMITATION OF EXPERTS

Plaintiffs feel that such an appointment or limitation is unlikely.

S.    TRIAL

A jury trial has been scheduled in this matter to commence on February 14, 2006 before the Honorable Samuel P. King.

T.    ESTIMATE OF TRIAL TIME

Two weeks.

U.    CLAIMS OF PRIVILEGE OR WORK PRODUCT

There are no claims of privilege or work product at this time.

V.    <u>MISCELLANEOUS</u>

There are no other matters to be entertained and discussed at this time.

DATED: Honolulu, Hawaii, December 27, 2005.

DAVID J. GIERLACH
EVE M. GREEN
DAVID A. SERENO
Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

VALERIE GREGORY, Individually
and as Special Administrator of the
Estate of RICHARD J. GREGORY,
Deceased, and as Next fried fo Isreal
Gregory, a Minor, KEANU GREGORY,
a Minor and SHAYLISSE GREGORY,
a Minor,

    Plaintiffs,

  vs.

COUNTY OF MAUI, MAUI POLICE
CIVIL NO. CV 04-0516 SPK/KSC
DEPARTMENT, GARRET TIHADA,
EDWIN K. AMONG, NICHOLAS E.
ANGELL, JOHN DOE OFFICERS 1-
10, JOHN DOES 1-10, JANE DOES
1-10, DOE CORPORATIONS 1-10,
DOE PARTNERSHIPS 1-10 AND
DOE GOVERNMENTAL ENTITIES
1-10,

    Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

CIVIL NO. CV 04 00516 SPK/KSCC
[Other Non-Motor Vehicle Tort]

CERTIFICATE OF SERVICE

23

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing document will be duly

served by UNITED STATES MAIL, postage prepaid and FACSIMILE

TRANSMISSION to the party identified below at her last known address on the date

herein indicated.

LAUREEN L. MARTIN, ESQ.                VIA FACSIMILE
Deputy Corporation Counsel             Original to Follow
Department of Corporation Counsel      (808) 270-7152
200 S. High Street
Wailuku, Maui, Hawaii 96793


DATED: Honolulu, Hawaii, December 27, 2005.

_____
DAVID J. GIERLACH
EVE M. GREEN
DAVID A. SERENO
Attorneys for Plaintiffs