```
 1                UNITED STATE DISTRICT COURT
 2                    DISTRICT OF HAWAII
 3
 4   VALERIE GREGORY, et al.,    )
                                 )
 5            Plaintiffs,        )
                                 )  Civil
 6          vs.                  )  No. 04-00516 SPK/KSC
                                 )
 7   COUNTY OF MAUI, MAUI        )
     POLICE DEPARTMENT, et al.,  )
 8                               )
              Defendants,        )
 9                               )
     _____)
10
11
12
13
14
15
16
17
18
19
20
21   ATKINSON-BAKER, INC.
     CERTIFIED COURT REPORTERS
22   (800) 288-3376
     www.depo.com
23
24   REPORTED BY:  JANE H. STULLER, CSR No. 7223, RPR
25   FILE NO.:  9F09180
```

CERTIFIED COPY

DEPOSITION OF

D.P. VAN BLARICOM

PALO ALTO, CALIFORNIA

NOVEMBER 29, 2005

1

EXHIBIT "Zzzz"

1          Q.   Do you believe that -- whether excessive force

2     was used as a legal conclusion?

3          A.   No.

4          Q.   Okay.  On page 8 of your affidavit, it says:

5     It is objectively unreasonable excessive force per se to

6     actively interfere with respiration until breathing

7     ceases.  That's small "i."

8               Do you see that?

9          A.   Yes.

10         Q.   Do you believe that that is a legal conclusion?

11         A.   No.

12         Q.   When you prepared your affidavit and list the

13    facts as outlined in paragraph 6, where did you get

14    those facts, was it solely from the police report?

15         A.   It would be from the police reports at this

16    stage, yes, and the statements of the officers that were

17    taken during the investigation.

18         Q.   Which are included in the police report?

19         A.   That's right.

20         Q.   And paragraph 6-A where it talks about the

21    symptoms of excited delirium --

22         A.   Right.

23         Q.   Let me -- let me just note before I ask you

24    that:  I think you stated to me that you're not

25    qualified to give medical opinions, correct?

1          A.   No.

2          Q.   You're not a medical doctor?

3          A.   No.

4          Q.   And so I just want to note that my objection to

5     your testimony to any of the opinions which are medical

6     opinions, but I may ask you some questions regarding

7     medical questions.  And I feel that you're not

8     qualified, but if you feel comfortable answering them, I

9     want you to go ahead and answer them.  All right?  But

10    I'm going to reserve my right later at trial to object.

11              Do you understand?

12         A.   Oh, sure.  I understand.

13         Q.   Okay.  So what I'm asking --

14         A.   I want to know what you think, but I don't want

15    you to ever be able to say something like that.

16         Q.   Well, like I said, I don't think you're

17    qualified to give medical opinions.  And I think you

18    agree with me.  Some of my questions I believe call for

19    a medical conclusion, but I think that you perhaps may

20    disagree with me, right?  But I just wanted to be clear

21    that I intend to object to any opinion that you give,

22    which I believe is a medical opinion.  Okay?

23              MR. GIERLACH:  Objection.

24              THE WITNESS:  I expect that anything I say is

25    going to be objected to.