DEPARTMENT OF THE CORPORATION COUNSEL    205

BRIAN T. MOTO              5421
Corporation Counsel
LAUREEN L. MARTIN          5927
Deputy Corporation Counsel
County of Maui
200 South High Street
Wailuku, Hawaii  96793
Phone:  (808) 270-7740
Facsimile: (808) 270-7152
E-mail: laureen.martin@co.maui.hi.us
S:\ALL\Llm\Civil\Gregory\motion for expert fees.wpd
Attorneys for Defendants County
  of Maui,

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| VALERIE GREGORY, et. al.,<br><br>             Plaintiffs,<br><br>    vs.<br><br>COUNTY OF MAUI, et. al.,<br><br>             Defendants.<br>_____ | CIVIL NO. CV 04-00516 SPK KSC<br><br>NOTICE OF NON-HEARING MOTION; COUNTY DEFENDANTS' MOTION FOR NON-TAXABLE COSTS; MEMORANDUM IN SUPPORT OF MOTION; EXHIBITS "A"-"E"; AFFIDAVIT OF LAUREEN L. MARTIN; CERTIFICATE OF SERVICE<br><br>Judge: Hon. Samuel P. King |

**NOTICE OF NON-HEARING MOTION**

TO:  David J. Gierlach, Esq.
     5 Waterfront Plaza, Suite 330
     500 Ala Moana Blvd.
     Honolulu, Hawaii 96813
     (Attorneys for Plaintiffs)

PLEASE TAKE NOTICE that on February 13, 2006, the undersigned filed with the above-entitled Court "County Defendants' Motion for Expert Fees."  Pursuant to Local Rules 7.4 and 54.3 of the United States District Court for the District of Hawaii, any response to

said Motion must be served filed with the Court not more than eleven (11) days after service of the motion.

DATED: Wailuku, Maui, Hawaii, February 13, 2006.

                              BRIAN T. MOTO
                              Corporation Counsel
                              Attorney for County Defendants

                            By /s/Laureen L. Martin
                                LAUREEN L. MARTIN
                                Deputy Corporation Counsel

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| VALERIE GREGORY, et. al., | ) | CIVIL NO. CV 04-00516 SPK KSC |
| | ) | |
| Plaintiffs, | ) | COUNTY DEFENDANTS' MOTION FOR |
| | ) | NON-TAXABLE COSTS |
| vs. | ) | |
| | ) | |
| COUNTY OF MAUI, et. al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| _____ | ) | |

**COUNTY DEFENDANTS' MOTION FOR NON-TAXABLE COSTS**

Defendants COUNTY OF MAUI, MAUI POLICE DEPARTMENT, Garret Tihada, Edwin K. Among, and Nicholas Angell, (hereinafter "County Defendants"), by and through their attorneys, Brian T. Moto, Corporation Counsel, and Laureen L. Martin, Deputy Corporation Counsel, hereby move this Honorable Court for an order awarding non-taxable costs in the amount of $13,412.50, or such other amount as this Court deems reasonable, with respect to the Judgment in Favor of County Defendants as to all Claims, entered herein on February 1, 2006. This motion is made pursuant to 42 U.S.C. § 1988, 28 U.S.C. § 1927, Rule 54(d)(2) of the Federal Rules of Civil Procedure, Rule 54.3 of the Rules of the United States District Court for the District of Hawaii (hereinafter "L.R. 54.3"), the attached memorandum; and the entire record herein.

DATED: Wailuku, Maui, Hawaii, February 13, 2006.

        BRIAN T. MOTO
        Corporation Counsel
        Attorney for County Defendants


By /s/ Laureen L. Martin
   LAUREEN L. MARTIN
   Deputy Corporation Counsel

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| VALERIE GREGORY, et. al., | ) | CIVIL NO. CV 04-00516 SPK KSC |
| | ) | |
| Plaintiffs, | ) | |
| | ) | MEMORANDUM IN SUPPORT OF |
| vs. | ) | MOTION |
| | ) | |
| COUNTY OF MAUI, et. al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| _____ | ) | |

## MEMORANDUM IN SUPPORT OF MOTION

I. **STATEMENT OF FACTS**

Richard Gregory was an unwanted visitor at a music studio on December 2, 2002. He would not leave. He was acting psychotic and aggressive. He had "religious ideations". Police were called. Gregory did not respond to the police requests to leave and acted aggressively towards police. Police attempted to arrest Gregory. Police did not use weapons. Gregory had a pen in his hand during the encounter.

After about a five minute struggle while police attempted to handcuff Gregory, he had a heart attack. Despite immediate efforts to resuscitate Gregory he later died. The undisputed medical evidence is that he died of a heart attack and was susceptible to a hear attack (e.g. 90% blockage in arteries), and that he did not die of asphyxia.

II. **PROCEDURAL BACKGROUND**

Plaintiffs filed this lawsuit on July 10 2003. On August 22, 2003 the County of Maui made an offer of judgment for $3,000.00. See Exhibit "A". The offer was not accepted by Plaintiffs.

On July 29, 2004, Plaintiffs filed a second amended complaint which added federal claims. On August 23, 2004, Defendants removed the case to federal court.

On December 2, 2004, Defendants made a second offer of judgment. This offer was for $40,000.00. This offer was not accepted by Plaintiffs.

On December 13, 2005, Defendants made a final offer of judgment. This offer was for $50,000.00. This offer was not accepted by Plaintiffs.

Plaintiffs never made a written demand to Defendants nor have they ever outlined their alleged damages.

On January 13, 2006, the Court heard arguments on Defendants' motion for summary judgment. On February 1, 2006, the Court granted the Defendants' motion and entered a judgment accordingly.

## III. **ARGUMENT**

Defendants have made three offers of judgment pursuant to Rule 68, none of which were accepted. The Court found Plaintiffs' claims without merit and entered judgment in favor of the Defendants.[1]

Although Federal Rule 68 may not apply in cases in which a defendant obtains a judgment, the Ninth Circuit has stated that the Court should also look to state law when it is exercising

---

[1] Defendants have also incurred substantial attorney fees and costs in this action. However, Defendants are not seeking reimbursement of attorney fees in this motion.

jurisdiction over state law claims.  <u>MRO Communications, Inc. v. AT&T</u>, 197 F.3d 1276 (9th Cir. 1999).

Plaintiffs alleged various state law claims in their complaint.  Therefore, this Court should look to Hawaii state law in determining whether Defendants are entitled to recover expert fees.

In <u>Canalez, v. Bob's Appliance Service Center, Inc.</u>, 89 Haw. 292, 972 P.2d 295 (1999), the Hawaii Supreme Court addressed the issue of whether a prevailing defendant could recover expert fees incurred after making a Rule 68 offer of judgment.  The Court stated:

> Insofar as inclusion of **reasonable expert witness fees** as costs under H.R.C.P. Rule 68 would **clearly serve to better promote the purpose and policies underlying the rule**, we expressly hold that expert witness fees incurred after the making of an offer of judgment, if deemed reasonable, are taxable in the court's discretion as costs against the offeree pursuant to H.R.C.P. Rule 68 (emphasis added).

<u>Id</u>. at 311, 308.

Therefore, it is clear that a defendant who prevails and who has made an offer of judgment may recover its expert fees.  Defendants incurred $13,412.50 in expert fees.  See Exhibit "D".  These expenses were reasonable and necessary in order to defend the action brought by Plaintiffs and therefore, should be reimbursed.[2]

---

[2] Plaintiffs are financially capable of reimbursing Defendants Plaintiffs received $200,000.00 in life insurance proceeds and receive over $1,000.00 per month as a result of Mr. Gregory's death.

**IV.   CONCLUSION**

The Defendants made three offers of judgment. Plaintiffs never made a single written demand outlining their alleged damages. In order to defend this case, the Defendants incurred substantial expenses. The costs Defendants seek to have reimbursed are only a fraction of the total costs incurred in this case. Decisions by the Ninth Circuit and the Hawaii Supreme Court permit the award of expert fees in this case. Therefore, this Court should not hesitate in awarding Defendants their expert fees.

DATED: Wailuku, Maui, Hawaii, February 13, 2006.

BRIAN T. MOTO
Corporation Counsel
Attorney for County Defendants


By  /s/ Laureen L. Martin
    LAUREEN L. MARTIN
    Deputy Corporation Counsel

---

This income is significantly more than Mr. Gregory was making at the time of his death. See Exhibit "E".

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| VALERIE GREGORY, et. al., ) | CIVIL NO. CV 04-00516 SPK KSC |
| ) | |
| Plaintiffs, ) | |
| ) | CERTIFICATE OF SERVICE |
| vs. ) | |
| ) | |
| COUNTY OF MAUI, et. al., ) | |
| ) | |
| Defendants. ) | |
| ) | |
| ) | |
| _____ ) | |

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing document was duly served on February 13, 2006, upon the following counsel in the manner indicated, addressed as follows:

```
                                        METHOD OF SERVICE:
                                    MAIL            FACSIMILE
David J. Gierlach, Esq.              X                  X
500 Ala Moana Blvd., Suite 330
5 Waterfront Tower
Honolulu, Hawaii 96813
(Attorney for Plaintiffs)
```

DATED: Wailuku, Maui, Hawaii, February 13, 2006.

                                        BRIAN T. MOTO
                                      Corporation Counsel
                                      Attorney for County Defendants

                                 By /s/LAUREEN L. MARTIN
                                     LAUREEN L. MARTIN
                                     Deputy Corporation Counsel