**EXHIBIT 1**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| VALERIE GREGORY, individually as a personal representative of RICHARD J. GREGORY, et al.,<br><br>   Plaintiffs,<br><br>v.<br><br>COUNTY OF MAUI, et al.,<br><br>   Defendants. | CIV. NO. 04-00516 SPK/KSC |

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

This is a 42 U.S.C. § 1983 civil rights suit stemming from allegations of excessive force. Defendants Maui County and the individual officers involved, Garret Tihada, Edwin Among, and Nicholas Angell, have moved for Summary Judgment. The matter was argued on January 13, 2006, with David Gierlach arguing for Plaintiffs and Kenneth Robbins arguing for Defendants. The Court has reviewed the extensive record and considered all oral and written argument. For the reasons set forth, the Court GRANTS Defendant's Motion for Summary Judgment.

1

I.

Because the parties are familiar with the background and lengthy record in this case, the Court sets forth particular details only as necessary to rule on the motion.

The basic facts are summarized as follows: Richard Gregory was an unwanted visitor at a music studio on December 2, 2002. He would not leave. He was acting psychotic and aggressive. He had "religious ideations." Police were called. Gregory did not respond to police requests to leave and acted aggressively towards police. Police attempted to arrest Gregory. Police did not use weapons. Gregory had a pen in his hand at least at some points during the encounter; it is undisputed he had a pen and was told to drop it, although there might be some dispute whether others (outside) heard officers tell Gregory to drop the pen. In any event, after about a 5 minute struggle while police attempted to handcuff Gregory, he had a heart attack, although officers probably did not know it right at the time. Despite immediate efforts to resuscitate Gregory (CPR by officers), he later died. The undisputed medical evidence is that he died of a heart attack and was susceptible to a heart attack (e.g. 90% blockage in arteries), and that he did not die of asphyxia. There is no physical evidence that he was choked, although there is some testimony to the effect that an officer put his hand on the back of Gregory's

2

neck and pushed him down.

Defendants move for summary judgment on two issues:

(1) qualified immunity as to the individual officers, and

(2) "deliberate indifference" as to the claim under <u>Monell v. New York City Dep't of Soc. Servs.</u>, 436 U.S. 658 (1978) for purposes of municipal liability. The primary policy at issue with the <u>Monell</u> claim is an alleged lack of training as to "restraint asphyxia" or "excited delirium syndrome."

### A. Qualified Immunity

Under the Supreme Court's test for qualified immunity articulated in <u>Saucier v. Katz</u>, 533 U.S. 194, 201 (2001), courts must first consider whether "[t]aken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right?" If the answer is no, there is qualified immunity. If the answer is yes, the court then asks whether the right was "clearly established." <u>Id.</u> at 201-02.

In an excessive force Fourth Amendment case, the Court applies the reasonableness test articulated in <u>Graham v. Conner</u>, 490 U.S. 386, 396 (1989). The test is whether the officers' actions are objectively reasonable in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation. <u>Id.</u>

3

The reasonableness inquiry is objective, without regard to an officer's good or bad motivations or intentions. Id. The Court judges reasonableness "from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight" and allowing "for the fact that police officers are often forced to make split-second judgments--in circumstances that are tense, uncertain, and rapidly evolving--about the amount of force that is necessary in a particular situation." Id.

Applying the qualified immunity analysis, the Court concludes as a matter of law that the individual officers' actions were objectively reasonable in light of the situation they confronted. There is no constitutional violation and they are entitled to qualified immunity.

It is undisputed that Gregory was trespassing and acting aggressively. He would not obey requests and commands to leave, nor would he submit to handcuffing when that became necessary. It is also undisputed that Gregory at key points had a pen in his hand and did not drop it. While a pen is not normally a deadly weapon, officers have been trained (rightly) that such an object can be used as a weapon. The use of force in response to it was proportionate and reasonable (officers did not, for example, use a hand gun or pepper spray to "disarm" Gregory). There is no medical evidence that Gregory was choked. It is undisputed

4

that he died of a heart attack. It is also undisputed that Gregory had marijuana in his system (although the Officers probably did not know that at the time). The individual Officers could not have known Gregory would have a heart attack. It is also undisputed that Gregory was talking or yelling during the entire struggle -- something entirely inconsistent with someone not being able to breathe. The Court finds nothing unconstitutional about an officer telling a suspect "if you can talk, you can breathe." In short, the Court finds the Officers' behavior to have been reasonable in the situation they confronted. The force used was not constitutionally excessive.

### B. Municipal Liability

Initially, because the Court finds as a matter of law that there was no unconstitutionally excessive force used, Plaintiffs cannot establish a valid section 1983 claim against Maui County. Flagg Bros., Inc. v. Brooks, 436 U.S. 149, 155 (1978). See City of Los Angeles v. Heller, 475 U.S. 796, 799 (1986) ("If a person has suffered no constitutional injury at the hands of the individual police officer, the fact that the departmental regulations might have authorized the use of constitutionally excessive force is quite beside the point.") (emphasis in original); Fairly v. Luman, 281 F.3d 913, 916 (9th Cir. 2002) ("Exoneration of [the officer] of the charge of excessive force precludes municipal liability for the alleged

5

Case 1:04-cv-005₁₀-SPK-KSC   Document 55-1   Filed 02/01/2006   Page 6 of 8

unconstitutional use of such force").

In any event, the Court finds there is no question of fact under the necessary "deliberate indifference" standard. To find municipal liability for civil rights violations under 42 U.S.C. § 1983 for a failure to train, Plaintiffs must prove that the defendants have customs or policies which "'amount[ ] to deliberate indifference' to [their] constitutional right[s]" and that these policies are the "'moving force behind the constitutional violation[s].'" Oviatt v. Pearce, 954 F.2d 1470, 1474 (quoting City of Canton v. Harris, 489 U.S. 378, 389-91 (1989)).

That is, under City of Canton, plaintiffs must prove that the official policy was "deliberately indifferent" to their constitutional rights. This occurs when "the need for more or different action is so obvious, and the inadequacy [of the current procedure] so likely to result in the violation of constitutional rights, that the policymakers . . . can reasonably be said to have been deliberately indifferent to the need." Id. at 390.

The primary question would be whether a failure to train as to excited delirium syndrome would be "deliberately indifferent" to the rights of those being arrested and whether the lack of training caused the death of Gregory. The Court has considered disputed facts regarding the County's training program as to "excited delirium syndrome" and assumed that the heart attack was "secondary to

6

the excited delirium syndrome." [Exh. CCCC at 2]. But, even if, assuming for these purposes only that there should be more training as to these potential problems, such a policy was hardly "deliberate indifference" to the rights of Gregory.

Moreover, as an independent basis to finding no municipal liability, there is a lack of causation because Gregory died of a heart attack, not due to the lack of training. That is, even if the Court were to assume a constitutional violation, there is no evidence that the failure to train these officers caused the violation. See Canton, 489 U.S. at 390 (stating that, as a prerequisite for municipal liability, the failure to train "actually cause injury").

There is also no evidence demonstrating that the Maui Police Department knew or should have known that the individual officers were unfit to be police officers or that they might commit a constitutional tort, nor that the department failed to control the officers. There is no other basis for municipal liability.

II.

Unfortunately and tragically, Gregory died as a result of the heart attack sustained during the encounter with police. Given the undisputed facts in the record, however, the death did not result from unconstitutionally excessive force. There is no valid Monell claim. The death did not result from any deliberate

7

indifference on the part of the County of Maui. Accordingly, the Court GRANTS Defendants' Motion for Summary Judgment. Judgment shall issue in favor of Defendants.

IT IS SO ORDERED.

DATED: February 1, 2006.

*Samuel P. King*
Samuel P. King
Senior United States District Judge