DAVID J. GIERLACH       5041
500 Ala Moana Boulevard
Suite 330, 5 Waterfront Plaza
Honolulu, Hawaii 96813
Telephone:   (808) 523-1332
Facsimile:   (808) 526-2275

EVE M. GREEN            5550
58 Central Avenue
Wailuku, Maui, Hawaii 96793

DAVID A. SERENO         5739
55-B N. Church Street
Wailuku, Maui, Hawaii 96793

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| VALERIE GREGORY, Individually and as Special Administrator of the Estate of RICHARD J. GREGORY, Deceased, and as Next Friend of ISREAL GREGORY, a Minor, KEANU GREGORY, a Minor and SHAYLISSE GREGORY, a Minor,<br><br>　　　　　Plaintiffs,<br><br>　　vs.<br><br>COUNTY OF MAUI, MAUI POLICE | CIVIL NO. CV 04 00516 SPK/KSCC<br>[Other Non-Motor Vehicle Tort]<br><br>PLAINTIFFS' MEMORANDUM IN OPPOSITION TO COUNTY DEFENDANTS' MOTION FOR NON-TAXABLE COSTS, FILED FEBRUARY 13, 2006; DECLARATION OF DAVID J. GIERLACH; EXHIBIT 1; CERTIFICATE OF SERVICE |

[CAPTION CONTINUED]

| | |
|---|---|
| DEPARTMENT, GARRET TIHADA, EDWIN K. AMONG, NICHOLAS E. ANGELL, JOHN DOE OFFICERS 1-10, JOHN DOES 1-10, JANE DOES 1-10, DOE CORPORATIONS 1-10, DOE PARTNERSHIPS 1-10 AND DOE GOVERNMENTAL ENTITIES 1-10, | ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) ) ) |

PLAINTIFFS' MEMORANDUM IN OPPOSITION TO
COUNTY DEFENDANTS' MOTION FOR
NON-TAXABLE COSTS, FILED FEBRUARY 13, 2006

I.  INTRODUCTION

Plaintiffs respectfully oppose County Defendants' Motion for Non-Taxable Costs, filed February 13, 2006 and served February 13, 2006. For the reasons set forth below, the motion may be appropriately denied.

II.  DISCUSSION

Defendants concede that Federal Rule 68 does not apply in a case in which a defendant obtains a judgment. *See* Motion at 2. Therefore, Defendants argue that Hawaii state law should be reviewed to determine whether a Rule 68 Offer of Judgment permits the award of costs in this case. However, in order to review state law, the District Court must first have exercised jurisdiction over state law

2

claims. *See MRO Communications, Inc. v. AT&T*, 197 Fed.3d 1276 (9th Cir. 1999). While it is true that the Plaintiffs' alleged various state law claims in their Complaint, the District Court in entering its order on summary judgment, did not address any of the state law claims. *See* Order Granting Defendants' Motion for Summary Judgment, filed February 1, 2006. A careful review of that order indicates that the District Court only addressed the 42 U.S.C. § 1983 civil rights claims and, for reasons that are not clear, failed to address Plaintiffs' negligence claims, state wrongful death claims, emotional distress claims and the like. The legal test employed by the District Court in its order granting summary judgment make it clear that the District Court only focused on the 42 U.S.C. ¶ 1983 claims and completely ignored the state negligence claims.

In contrast, see the case of *Gaines, et al. v. County of Maui, et al.*, Civil No. 04-00518 HG-LEK, where Chief Judge Gillmor, facing similar motion by the County, granted the County's motion as to the 42 U.S.C. § 1983 claims but remanded the state law claims to state court for further adjudication. A copy of said Order is attached hereto as Exhibit 1.

One of the issues on appeal is whether Judge King in fact addressed all of the claims pending or whether he only addressed the federal claim.

However, even if this Court believes that somehow the state claims were finally adjudicated, and believes that *Hawaii Rule of Civil Procedure*, Rule 68 may provide a basis for an award of costs and expert fees, under the circumstances of this case, it is still suggested that such an award be denied.

In the *MRO Communications, Inc.* case, *supra*, the Ninth Circuit, in evaluating a substantially similar Nevada rule of civil procedure required a multi-factor analysis to determine whether such requested costs should be awarded:

(1) Whether the plaintiff's claim was brought in good faith;

(2) Whether the defendant's offer of judgment was reasonable and in good faith in both its timing and amount;

(3) Whether the plaintiff's decision to reject the offer and proceed to trial was grossly unreasonable or in bad faith; and

(4) Whether the fees sought by the offeror are reasonable and justified in amount.

*Id.* at 1282.

Applying those factors to this case, it is apparent that the recovery sought by the County is not warranted. There is no question but that Plaintiffs' claims were brought in good faith. There is also little question that the District Court, with all due respect, improperly resolved highly disputed genuine issues of

material fact on a motion for summary judgment.

For example, while the District Court claimed that there was no causation between the police conduct and the death of Richard Gregory, the testimony of County pathologist Anthony Manoukian, M.D. was that if the struggle had not occurred, Richard Gregory would not have died. *See* Plaintiffs' Concise Statement of Facts in Support of Their Memorandum in Opposition to Defendants' Motion for Summary Judgment at Exhibit 44.

Further, Dr. Manoukian opined to a reasonable degree of medical probability that the struggle was a substantial factor in causing the death of Richard Gregory. *Id.* at Exhibit 45. Further, Plaintiffs' expert testified that Richard suffered from what is described as "excited delirium," this is a condition in potential arrestees that has been known to law enforcement officers for some 50 years, and persons exhibiting signs of excited delirium require the police to undertake a certain careful approach, which seeks to minimize rather than heighten existing tensions. *Id.* at Exhibit 46. Rather than follow well-known procedures regarding potential arrestees displaying excited delirium, the police intentionally and/or negligently increased the stress of the encounter by acting in an overly aggressive manner, failed to defuse the situation and thus, created a circumstance which led to Richard's death. *Id.*

Furthermore, there were genuine issues of disputed fact as to whether or not Richard posed a risk to anyone. The evidence of whether or not Richard had a pen in hand was disputed. Exhibit 46; Exhibit 32. Despite these disputed issues of fact, the Court entered summary judgment on the 42 U.S.C. § 1983 claim. That judgment however does not undermine the fact that Plaintiffs' claim was brought in good faith, nor does it undermine the fact that this matter is likely to be reversed on appeal.

Second, the Defendants' offers of judgment were not reasonable. The first offer of judgment was for $3,000.00. The second offer of judgment was for $40,000.00. The third offer of judgment was for $50,000.00. These offers were made in the context of civil and wrongful death claims of a man who was the father of four children and who left a widow. Even the Magistrate Judge remarked during settlement conference that the maximum amount offered by the County, $50,000.00, was quite less than what the Magistrate Judge had hoped for as a final offer.

Third, there can be no valid claim that Plaintiffs' decision to reject the offers and proceed to trial as being grossly unreasonable or in bad faith. There were numerous disputed issues of material fact in this case. The fact that the District Court did not even address the state law negligence claims underscores the

contention that the decision to proceed was both reasonable and in good faith.

Fourth, the question as to whether the Court should exercise its jurisdiction in the award of expert and other fees and costs is really one of substantial fairness. Mrs. Gregory is a widow with four minor children to raise. She has a mortgage to pay, bills to pay and is surviving on a single person's income. Given the vast disparity between her abilities to pay and the County's abilities to pay, it is respectfully requested that the Court exercise its jurisdiction and deny the requested costs and expert fees. At a minimum, it is respectfully requested that any award of fees and costs be stayed pending the outcome of the appeal. The Notice of Appeal has already been filed in this case.

For all of the foregoing reasons, Plaintiffs respectfully request this Court to deny the pending motion.

DATED: Honolulu, Hawaii, February 23, 2006.

---
DAVID J. GIERLACH
EVE M. GREEN
DAVID A. SERENO
Attorneys for Plaintiffs