IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| VALERIE GREGORY, et al., | ) CIVIL NO. 04-00516 SPK-KSC |
| | ) |
|     Plaintiffs, | ) ORDER FINDING AND |
| | ) RECOMMENDING THAT |
|     vs. | ) DEFENDANTS' MOTION FOR |
| | ) NON-TAXABLE COSTS BE |
| COUNTY OF MAUI, et al., | ) DENIED |
| | ) |
|     Defendants. | ) |
| | ) |
| | ) |
| | ) |
| | ) |

ORDER FINDING AND RECOMMENDING THAT DEFENDANTS' MOTION
FOR NON-TAXABLE COSTS BE DENIED

On February 13, 2006, Defendants County of Maui, Maui Police Department, Garret Tihada, Edwin K. Among, and Nicholas Angell ("Defendants") filed County Defendants' Motion for Non-Taxable Costs ("Motion"). Pursuant to Fed. R. Civ. P. 54(d)(1), this matter was designated to this Court by United States District Judge Samuel P. King on February 16, 2006. On February 23, 2006, Plaintiffs Valerie Gregory, individually and as Special Administrator of the Estate of Richard J.

Gregory, Deceased, and as Next Friend of Isreal Gregory, a Minor, Keanu Gregory, a Minor, and Shalyisse Gregory, a Minor ("Plaintiffs") filed Plaintiffs' Memorandum in Opposition to County Defendants' Motion for Non-Taxable Costs, Filed February 13, 2006 ("Opposition").  On March 2, 2006, Defendants filed a Reply Memorandum in Support of County Defendants' Motion for Non-Taxable Costs ("Reply").

Pursuant to LR 7.2(d), the Court finds this Motion suitable for disposition without a hearing. After careful consideration of the Motion, and the record herein, the Court FINDS and RECOMMENDS that Defendants' Motion be DENIED.

This actions stems from Plaintiffs' allegations that the police used excessive force against Richard Gregory, causing him to die of a heart attack. Plaintiffs alleged both federal and state law claims. On August 23, 2004, this case was removed to federal court.  On February 1, 2006, the Court issued an Order Granting Defendants' Motion for Summary Judgment.

In the instant Motion, Defendants argue that

since the Court exercised jurisdiction over Plaintiffs' state law claims, state law applies in determining whether Defendants can recover expert witness fees. While Federal Rule of Civil Procedure 68 does not permit a prevailing Defendant to recover non-taxable costs, Defendants argue that under Hawaii law, they are permitted to recover any expert witness fees incurred after the making of an offer of judgment.  Defendants made three offers of judgment pursuant to Federal Rule of Civil Procedure 68, none of which were accepted. Pursuant to Hawaii law, Defendants request that the Court exercise its discretion and award Defendants $13,412.50 in expert fees.

Plaintiffs argue that in order to apply state law, the Court must first have exercised jurisdiction over state law claims.  Plaintiffs argue that in the February 1, 2006 Order, the Court did not specifically address Plaintiffs' state law claims for negligence, wrongful death, and emotional distress.  Therefore, Hawaii state law governing recovery of expert fees should not apply.  Even assuming arguendo that Hawaii

state law is applicable, Plaintiffs argue that the recovery sought by Defendants is not warranted since Plaintiffs' claims were brought in good faith, Defendants' offers of judgment were not reasonable, and Plaintiffs' decision to reject the offers and proceed to trial was not grossly unreasonable or in bad faith.

The Supreme Court has stated that Federal Rule of Civil Procedure 68 ("Rule 68") governing offers of judgment is inapplicable in a case in which the defendant obtains judgment. Delta Air Lines, Inc. v. August, 450 U.S. 346, 352 (1981).  In cases where a defendant prevails after making an offer of judgment, "the trial judge retains his Rule 54(d) discretion." Id. at 354.  Since the Court granted summary judgment in favor of Defendants in this case, Rule 68 does not apply and the Court will exercise discretion pursuant to Rule 54(d).

> Rule 54(d)(2) provides in pertinent part:
>
> Claims for attorneys' fees and related nontaxable expenses shall be made by motion...Unless otherwise provided by statute or order of the court, the motion must be filed and served no

>       later than 14 days after the entry of
>       judgment; must specify the judgment,
>       and the statue, rule or other grounds
>       entitling the moving party to the
>       award; and must state the amount or
>       provide a fair estimate of the amount
>       sought.

Fed. R. Civ. P. 54(d)(2).

In <u>MRO Communications, Inc. v. AT&T</u>, 197 F.3d 1276 (9th Cir. 1999), the Ninth Circuit considered whether to award attorney's fees and non-taxable expenses pursuant to Rule 54(d)(2) in an action where the federal court exercised jurisdiction over the plaintiff's state law claims.  The court noted at the outset that Rule 54(d)(2) merely establishes a procedure for obtaining an award and emphasized that there still must be an independent source authorizing such an award.  In that case, the court looked to state law in determining whether to awards fees and costs.  The court stated, "[i]n an action where a district court is exercising its subject matter jurisdiction over a state law claim, so long as 'state law does not run counter to a valid federal statute or rule of

court, and usually it will not, state law denying the right to attorneys' fees or giving a right thereto, which reflects a substantial policy of the state, should be followed." Id. at 1281.

As a preliminary matter, the Court finds that it has exercised jurisdiction over Plaintiffs' state law claims in this case.[1]  Therefore, pursuant to MRO Communication, 197 F.3d 1276, the Court has discretionary authority to award attorneys' fees under applicable state law.  While Hawaii Rule of Civil Procedure 68 is identical to its federal counterpart, in Canalez v. Bob's Appliance Service Center, Inc., 972 P.2d 295, 311 (Haw. 1999), the Hawaii Supreme Court elected to adopt a different interpretation than that of the federal courts.  The Hawaii Supreme Court found that "[t]he purpose of Rule 68 is to significantly

---

[1] The Court notes that while the February 1, 2006 Order only explicitly refers to Plaintiffs' 42 U.S.C. §1983 claims, Plaintiffs' state law claims necessarily fail under the Court's analysis since the Court determined that the Defendant police officers were entitled to qualified immunity and that there was no basis for municipal liability.

increase the incentives for settlement by attaching financial penalties (through a cost-shifting mechanism) to the rejection of a settlement offer that was eventually proved (by the verdict) to have been reasonable." (citation omitted).  The Hawaii Supreme Court held that "[i]nsofar as the inclusion of reasonable expert witness fees as costs under HRCP Rule 68 would clearly serve to better promote the purpose and policies underlying the rule, we expressly hold that expert witness fees incurred after the making of an offer of judgment, if deemed reasonable, are taxable in the court's discretion as costs against the offeree pursuant to HRCP Rule 68." Id.

Here, the Court, exercising its discretion pursuant to Rule 54(d)(2) and considering Hawaii state law as well as the totality of circumstances in this case, declines to recommend reimbursement to Defendants for expert witness fees incurred.  The Court finds that Plaintiffs brought this action in good faith. Additionally, Defendants have not demonstrated that Plaintiffs acted unreasonably or in bad faith in

rejecting their offers of judgment.  Finally, the Court cannot say under the totality of circumstances that awarding expert fees in this case would be reasonable or equitable. Consequently, the Court FINDS and RECOMMENDS that Defendants' Motion for Non-Taxable Costs be DENIED.

      IT IS SO FOUND AND RECOMMENDED.

      Dated:  Honolulu, Hawaii, April 11, 2006.



                                 _____
                                 Kevin S.C. Chang
                                 United States Magistrate Judge